CLERK U.S. BANKRUPTCY COURT
DISTRICT OF OREGON

AUG 1 1 2010

LODGED_____REC'D_____
PAID_____DOCKETED__

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In Re: ) Bankruptcy Case
) No. 09-65482-fra13
GARY L. MCDONALD, )
) MEMORANDUM OPINION
                             Debtor.          )

    Creditor Herschel Wright has objected to the Debtor's plan of reorganization, pursuant to a provision in the order confirming the plan allowing him time to object post-confirmation.

    Mr. Wright has a secured claim against the Debtor based on his sale to the Debtor of a workshop. The Court understands that the property in question is not the Debtor's residence.

    The original plan provided, at paragraph 2(b)(1), that the Debtor would cure an arrearage of $35,000 over the lifetime of the plan. The $35,000 would be paid in monthly installments of $600, bearing a post-confirmation interest of 1% per annum.

    Mr. Wright objected, alleging that the correct amount of the arrearage is $46,723. He further seeks 3.5% interest on the arrearage, and 14% on $4,000 of the total amount, constituting out-of-pocket costs reimbursable under the parties' original agreement at the rate of 14%.

Page 1 - MEMORANDUM OPINION

The Creditor's Second Trust Deed provides, at Par. 1.13(1):

> If Grantor [Debtor] shall fail to pay, perform or observe any of its covenants hereunder, Beneficiary [Creditor] may, but shall not be required to, take such actions as it deems appropriate to remedy such failure. All sums, including reasonable attorney fees, so expended, or expended to maintain the lien or estate of this Security Instrument or its priority, to protect or enforce any of Beneficiary's rights hereunder, shall be a lin on the Trust Property, shall be secured by this Security Instrument, and shall be paid by the Grantor on demand, together with interest thereon at the rate provided in the note [i.e., 14% per annum]...

The amounts advances are added tothe principal balance of the note, and are secured by the trust deed, and bear interest at the Note rate of 14%. Based on the documents presented to the Court, those "out-of-pocket" expenses are:

| | |
|---|---|
| Publication costs | $2,592.72 |
| Trustee's fees | $2,186.68 |
| Title report | $ 293.00 |
| Attorney's fees | $3,900.00 |
| Recording fees | $ 225.00 |
| Service fees | $    40.00 |
| Total | $9,237.40 |

These amounts, plus the money advanced by the creditor to the first lienholder, are part of the "arrears" which will bear the contract rate, plus the 1% post-confirmation interest rate. The Debtor, in order to cure his default, must pay the arrears in payments, and the monies advanced, over th lifetime of the plan. The payments bear interest at the Plan rate of 1% per annum; however, payments received are applied toward accrued interest at the contract rate of 14%, and then to principal.

The order confirming plan should be modified to provide for plan payments totaling $46,723.93, bearing post-confirmation interest at the rate of 1% per annum.

Page 2 - MEMORANDUM OPINION

The foregoing constitutes the Court's findings of fact and conclusions of law. I leave it to counsel for the Debtor to compute the resulting monthly payments and submit a modified order confirming the Debtor's plan.

FRANK R. ALLEY, III
Bankruptcy Judge